**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 275.]**

THE STATE OF OHIO, APPELLEE, *v*. GREEN, APPELLANT.

[Cite as *State v. Green*, 1996-Ohio-8.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when no colorable claim of ineffective assistance of appellate counsel shown.*

(No. 95-1451—Submitted November 7, 1995—Decided January 10, 1996.)

APPEAL from the Court of Appeals for Montgomery County, No. 14371.\

———————————

{¶ 1} Appellant, Grady G. Green II, was convicted of felonious assault, aggravated burglary, and two firearm specifications. He was sentenced to seven to twenty-five years on the aggravated burglary count and seven to fifteen years on the felonious assault count. These sentences were to be served concurrently. He was also sentenced to two concurrent three-year sentences on the firearm specifications, to run consecutively to the aggravated burglary and felonious assault sentences. The court of appeals affirmed the convictions and sentences. *State v. Green* (Sept. 23, 1994), Montgomery App. No. 14371, unreported, 1994 WL 514948.

{¶ 2} On January 5, 1995, appellant filed an application to reopen his appeal under App.R. 26(B), alleging ineffective assistance of appellate counsel for failing to argue that (1) appellant's convictions for felonious assault and aggravated burglary should have been merged under R.C. 2941.25(A); (2) appellant should have been convicted of only one firearm specification under R.C. 2929.71(B); (3) admission of appellant's prior bad acts constituted reversible error; and (4) the court erred by admitting a statement by the victim. The court of appeals denied the application, holding that (1) appellant's felonious assault and aggravated burglary

offenses were committed separately; (2) although it agreed that appellant should have been convicted of only one firearm specification, the error was harmless because the two firearm specifications were ordered to be served concurrently; (3) the evidence of prior bad acts was admissible; and (4) not challenging the victim's statement may have been a strategic choice.  This appeal followed.

_____

*Mathias H. Heck,* Montgomery County Prosecuting Attorney, and *Carley J. Ingram*, Assistant Prosecuting Attorney, for appellee.

*Grady G. Green II, pro se.*

_____

**Per Curiam.**

**{¶ 3}** We affirm the decision of the court of appeals for the reasons stated in its opinion.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____