{¶ 1} Appellant State of Ohio appeals the trial court's dismissal of Norman A. Craig's indictment. The State sets forth the following error for our review:
"I. The trial court erred in dismissing the indictment prior totrial."
 {¶ 2} Having reviewed the record and pertinent case law, we affirm the trial court's dismissal. The apposite facts follow.
 Background of the Case {¶ 3} The Cuyahoga County Grand Jury indicted Craig for one count of rape of a child under thirteen years of age. Craig subpoenaed records from the Cuyahoga County Department of Children and Family Services ("CCDFS"), which had previously investigated an unrelated sexual abuse claim made by the victim. In response, the CCDFS moved for a protective order. The trial court denied the protective order after conducting an in camera review of the records. In doing so, the court expressed its opinion that the victim had "credibility problems."
 {¶ 4} The State filed a motion in limine to prevent the use of the records at trial, arguing that Ohio's rape shield law prohibited their use. Prior to the commencement of trial, the court conducted a hearing on the motion . The court determined the evidence was protected by the Rape Shield Statute, and ordered the evidence suppressed.
 {¶ 5} Thereafter, Craig waived his right to a jury trial. The State asked the trial judge to recuse herself because she had expressed an opinion on the victim's credibility when she *Page 3 
ruled on the protective order. The trial judge denied the State's motion and set the trial for 1:00 p.m. that day.
 {¶ 6} According to the State, during that time, its lawyer started a petition of prohibition to prevent the trial judge from presiding over the bench trial. The State contends that at 1:30 p.m., just prior to the completion of the filing of the writ, the trial court dismissed the case for want of prosecution because the State failed to appear at 1:00 p.m. Although the State contends this is what transpired, the record is devoid of evidence regarding what occurred during the time between the recess and dismissal of the case, and the appellee has failed to file a brief. The trial court's entry merely states that the prosecutor failed to appear at 1:00 p.m. for trial and dismissed the case for want of prosecution.
 {¶ 7} The State filed a notice of appeal from the dismissal; this court sua sponte dismissed the appeal after concluding it was not a final appealable order because the case was not dismissed "with prejudice." The Ohio Supreme Court reversed, holding that "pursuant to R.C. 2945.67(A), the state may appeal the dismissal of an indictment whether the dismissal is with or without prejudice."[1] The Court remanded the matter back to this court to determine whether the trial court erred by dismissing the indictment.
 Dismissal of the Indictment *Page 4 {¶ 8} In its sole assigned error, the State contends the trial court abused its discretion by dismissing Craig's indictment. We disagree.
 {¶ 9} A trial court's dismissal of an indictment is reviewed for an abuse of discretion.[2] "An abuse of discretion * * * implies a decision which is without a reasonable basis or one which is clearly wrong."[3]
 {¶ 10} Crim. R. 48(B) provides the procedure for the dismissal of a criminal case by the court over the objections of the State. Subsection (B) provides that "if the court over the objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." The Ohio Supreme Court in State v. Busch[4] stated that Crim. R. 48(B) "does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim. R. 48(B) if a dismissal serves the interest of justice."[5] *Page 5 
 {¶ 11} Here, the court stated its reason for dismissing the case as follows: "Prosecutor failed to show for trial at 1:00 p.m. on 6/12/2006. Case is dismissed for want of prosecution." We conclude this was a valid reason for the dismissal. As the Court in Busch stated,
 "Trial courts are on the front lines of administration of justice in our judicial system, dealing with the realities and practicalities of managing a caseload and responding to the rights and interest of the prosecution, the accused, and the victims. A court has the `inherent power to regulate the practice before it and protect the integrity of the proceedings'"[6]
 {¶ 12} The record indicates that after overruling the State's oral motion to recuse, the trial court recessed the matter until 1:00 p.m. Evidently the State failed to reappear at the appointed time. The State contends it was in the midst of filing a writ of prohibition with this court; however, our docket does not indicate that a writ was ever filed. Moreover, the State never requested a continuance from the trial court so that it could address the matter in our court. It also does not appear that the trial court was aware of why the State failed to reappear to prosecute the case. Therefore, under such circumstances, the court was unable to proceed with the bench trial; it was within its discretion to determine if further waiting was a prudent use of judicial time. *Page 6 
 {¶ 13} Although the dismissal seems like a severe sanction, because the dismissal was without prejudice, the State can reindict Craig.[7]
Moreover, when an indictment is dismissed, the speedy trial time is tolled until the defendant is re-indicted.[8] Accordingly, the State's sole assigned error is overruled.
Judgment affirmed.
It is, therefore, considered that appellee recover of appellant his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J., and ANN DYKE, J., CONCUR
[1] State v. Craig, 116 Ohio St.3d 135, 2007-Ohio-5752.
[2] State v. Busch, 76 Ohio St.3d 613, 616,1996-Ohio-8; State v.Walton, Cuyahoga App. No. 87347, 2006-Ohio-4771; State v. Steel, Cuyahoga App. No. 85076, 2005-Ohio-2623; State v. Tankers (Apr. 23, 1998), Cuyahoga App. Nos. 72398 and 72399.
[3] Angelkovski v. Buckeye Potato Chips Co. (1983),11 Ohio App.3d 159.
[4] 76 Ohio St.3d 613, 1996-Ohio-82.
[5] Id. at 615.
[6] Busch, supra at 615, citing Royal Indemn. Co. v. J.C. PenneyCo. (1986), 27 Ohio St.3d 31, 33-34.
[7] State v. Stephens (1977), 52 Ohio App.2d 361, 365.
[8] State v. Azbell, 112 Ohio St.3d 300, 2006-Ohio-6552. *Page 1