OPINION *Page 2 
{¶ 1} Plaintiff-Appellant, Jeffrey L. Brewer appeals the March 5, 2008 judgment entry of the Licking County Court of Common Pleas, Domestic Relations Division. Defendant-Appellee is Francine L. Brewer.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} The parties were married on September 6, 1987, and two children were born as issue of the marriage, to wit: Clark, DOB 3-20-1994 and Ona, DOB 12-24-1995. On September 29, 1999, Appellant filed a complaint for divorce.
 {¶ 3} On September 16, 2003, the trial court issued its Final Judgment and Decree in the divorce action. The court adopted Appellant's shared parenting plan with modification, including designating Appellee as the residential parent of the minor children for school registration purposes, and providing child support as set forth in the Shared Parenting Decree.
 {¶ 4} Appellant appealed the September 16, 2003 Final Judgment and Decree to this Court in Brewer v. Brewer, 5th Dist. No. 200CA00087, 2004-Ohio-3531. We overruled Appellant's Assignments of Error regarding the residential parent designation, child support, admission of evidence, ordering of psychological examinations and valuation of property, to ultimately affirm the decision of the trial court.
 {¶ 5} After the affirmance of the trial court decision, there began the "procedural quagmire" as the trial court termed the proceedings to follow. In December 2004, Appellant moved the trial court for a modification of the shared parenting plan. Multiple hearings were held on Appellant's requests for shared parenting and child support modifications; multiple Magistrate Decisions were issued, followed by multiple *Page 3 
objections to said decisions and requests for findings of facts and conclusions of law filed by Appellant. On January 30, 2008, the trial court ruled by opinion on the culmination of Appellant's objections to the Magistrate's Decisions issued on June 12, 2007, July 13, 2007, and September 4, 2007. The trial court overruled Appellant's objections and approved the Magistrate's Decisions in toto. The trial court then issued a separate judgment entry on January 30, 2008 reviewing the procedural history of the case in order to clarify what was pending before the trial court.
 {¶ 6} On March 5, 2008, the trial court filed a final judgment entry that stated it was incorporating the Magistrate's Decisions and the trial court's January 30, 2008 opinion. In the March 5, 2008 judgment entry, the trial court modified Appellant's child support obligation from $512.32 per month to $324.92 per month, effective May 17, 2007. The trial court also found Appellant to be in contempt of court for noncompliance with the child support order. The trial court sentenced Appellant to thirty days in jail, suspended.
 {¶ 7} Pursuant to Appellant's notice of appeal, it is the March 5, 2008 judgment entry Appellant is now appealing before this Court. In Appellant's brief, which is in excess of thirty pages in contravention of Local Rule 9, Appellant raises sixteen Assignments of Error:
 {¶ 8} "I. THE COURT ERRED IN NOT ALLOWING A NEW HEARING TO PRESENT THE EVIDENCE AND TESTIMONY THAT WAS LOST IN THE TRANSCRIPT FROM THE HEARING OF MAY 5, 2005, THUS THE PLAINTIFF WAS DENIED DUE PROCESS IN FILING AN APPEAL TO THE FINDINGS OF THE TRIAL COURT. PAGE-2. *Page 4 
 {¶ 9} "II. THE COURT ERRED BY DENYING THE PLAINTIFF ADEQUATE TIME TO PRESENT HIS CASE IN THE TRIAL COURT THUS VOIDING HIS RIGHT TO DUE PROCESS UNDER THE LAW. PAGE-3.
 {¶ 10} "III. THE MAGISTRATE ERRED BY NOT FILING HIS FINAL MAGISTRATE'S DECISION ON THE PLAINTIFF'S CONTEMPT CHARGE FOR NONE (SIC) PAYMENT OF CHILD SUPPORT BEFORE THE FINAL APPEALABLE ORDER WAS JOURNALIZED ON JUNE 11, 2007, DENYING THE PLAINTIFF THE OPPORTUNITY TO FILE OBJECTIONS TO THE MAGISTRATE'S DECISION OF JUNE 12, 2007. PAGE-.
 {¶ 11} "IV. THE CONCLUSIONS OF THE COURT ARE DEFECTIVE IN DETERMINING THE IMPUTED INCOME OF PLAINTIFF AND IS CLEARLY AGAINST THE WEIGHT OF THE EVIDENCE. PAGE-5.
 {¶ 12} "V. THE COURT FAILED TO DESIGNATE THE PLAINTIFF'S IMPUTED INCOME AS SELF-GENERATED INCOME AS IS OUTLINED IN OHIO REVISED CODE AND FAILED TO REDUCE SAID INCOME ON THE WORKSHEET FOR SHARED PARENTING ORDERS AS DESCRIBED ON THE CHILD SUPPORT WORKSHEET. PAGE-14.
 {¶ 13} "VI. THE TRIAL COURT ABUSED ITS DISCRETION AND DECIDED AGAINST THE WEIGHT OF THE EVIDENCE IN AGREEING WITH THE MAGISTRATE'S DECISION TO CALCULATE THE DEFENDANT'S INCOME ON THE CHILD SUPPORT WORKSHEET AND IN THE MAGISTRATE'S DECISIONS DATED JUNE 12, 2007; (SIC) JULY 13, 2007; (SIC) SEPTEMBER 4, 2007; (SIC) DECEMBER 3, 2007 AND JANUARY 11, 2008. PAGE-14. *Page 5 
 {¶ 14} "VII. THE COURT ERRED BY EXERCISING IT'S AUTHORITY TO SET THE DEFENDANT'S INCOME AT A RATE THAT IS DETERMINED AS HER UNEMPLOYMENT COMPENSATION RATE AND NOT FROM ANY INCOME CALCULATIONS EVER RENDERED FROM ANY HEARINGS HELD BEFORE THIS COURT OR THE CHILD SUPPORT ENFORCEMENT AGENCY, WHICH THIS DECISION IS NOT ONLY AGAINST THE W EIGHT OF THE EVIDENCE BUT CLEARLY CONSTITUTES AN ABUSE OF DISCRETION. PAGE-14.
 {¶ 15} "VIII. THE COURT ERRED IN CALCULATING THE DEFENDANT'S INCOME AT A RATE OF PERPETUAL UNEMPLOYMENT, THUS SKEWING THE COMBINED INCOME PERCENTAGES OF THE PARTIES TO THE DEGREE THAT THE COST OF HEALTH INSURANCE FOR THE CHILDREN TO THE PLAINTIFF IS NO LONGER REASONABLE, THUS THE MAGISTRATE'S DECISION IS AGAINST THE WEIGHT OF THE EVIDENCE AND CONSTITUTES AN ABUSE OF DISCRETION. PAGE-14.
 {¶ 16} "IX. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION AND DECIDED AGAINST THE WEIGHT OF THE EVIDENCE IN DISMISSING THE SCHOOL BUSING ISSUE FOR THE CHILDREN WHILE LIVING AT THE RESIDENCE OF THE PLAINTIFF AFTER THE 2007-2008 SCHOOL YEAR. PAGE-19.
 {¶ 17} "X. THE COURT IGNORES THE VALUE OF BOY SCOUTING AND DISMISSES THE COST OF PARTICIPATION IN THE ANNUAL POPCORN CAMPAIGN FOR THE CHILDREN BY NOT GRANTING A DEEPER DEVIATION TO THE PLAINTIFF, WHICH IS AN ABUSE OF DISCRETION AND NOT IN THE BEST INTERESTS OF THE CHILDREN. PAGE-20. *Page 6 
 {¶ 18} "XI. THE COURT ERRED ON OCTOBER 31, 2007 BY DENYING THE PLAINTIFF'S REQUEST OF SEPTEMBER 7, 2007, FOR AN ACCURATE DESCRIPTION AND COPIES OF EXHIBITS FILED IN THE HEARING OF THE TRIAL COURT ON AUGUST 23, 2007. PAGE-22.
 {¶ 19} "XII. THE COURT ERRED BY IGNORING PLAINTIFF'S OBJECTIONS FILED ON DECEMBER 31, 2007 AND JANUARY 25, 2008 TO THE MAGISTRATE'S DECISION FILED ON DECEMBER 3, 2007 AND JANUARY 11, 2008, AS DESCRIBED IN THE COURTS OWN NOTICE TO PARTIES. PAGE-23.
 {¶ 20} "XIII. THE TRIAL COURT AND THE MAGISTRATE FAILED TO DISMISS THE CONTEMPT CHARGE AGAINST THE PLAINTIFF, FOR FAILING TO PAY ENOUGH CHILD SUPPORT, EVEN AFTER THE EVIDENCE CLEARLY PROVED OTHERWISE. PAGE-24.
 {¶ 21} "XIV. THE COURT ERRED ON FEBRUARY 12, 2008 BY DENYING THE PLAINTIFF THE RITE TO FILE PLEADINGS, MOTIONS OR FILINGS WITH THE CLERK OF COURTS OF THE TRIAL COURT UNTIL THE PLAINTIFF PAYS FOR ALL COURT COSTS INCURRED BY PLAINTIFF AND DEFENDANT SINCE 1999. PAGE-25.
 {¶ 22} "XV. THE COURT ERRED ON JANUARY 18, 2008 BY FILING A JUDGMENT ENTRY AGAINST THE PLAINTIFF TO NOT PUBLISH, DISBURSE, OR USE THE MAGISTRATE'S SOCIAL SECURITY NUMBER THAT WAS OBTAINED THROUGH LAWFUL MEANS BY THE PLAINTIFF AT THE LICKING COUNTY RECORDER'S OFFICE WHICH MAKES THIS A CLEAR ABUSE OF DISCRETION AND POWER. PAGE-26. *Page 7 
 {¶ 23} "XVI. THE COURT WRONGLY UTILIZED THE LOCAL COUNTY SHERIFF'S DEPARTMENT BY SENDING THEM TO THE PLAINTIFF'S HOME ON JANUARY 18, 2008 TO INVESTIGATE WHY THE PLAINTIFF HAD OBTAINED PUBLIC RECORDS THAT WERE IDENTIFIED FOR A PERSON NAMED JOHN BERRYHILL. PAGE-26."
 I. {¶ 24} The Magistrate held a hearing on Appellant's motion for modification of the shared parenting plan on May 5, 2005. On August 10, 2005, a Magistrate's Decision was issued based upon the May 5, 2005 hearing. No objections were filed. The trial court approved the Magistrate's Decision on September 23, 2005.
 {¶ 25} Appellant states in his first Assignment of Error that he was unable to obtain the transcript for the May 5, 2005 hearing due to technical difficulties, so he was unable to file objections to the August 10, 2005 Magistrate Decision or appeal the trial court approval of the same. He argues the trial court erred in not permitting the parties to hold a new hearing to present evidence and testimony.
 {¶ 26} Civ. R. 53(D)(3)(b)(iii) provides for proceedings in matters referred to magistrates, and states in pertinent part:
 {¶ 27} "(3) Magistrate's decision; objections to magistrate's decision.
 {¶ 28} "(iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of *Page 8 
reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections. . . ."
 {¶ 29} A review of the docket shows that Appellant did not file a motion with the trial court to extend the time for preparation of the transcript, nor does the record show that Appellant requested the trial court to use alternative technology to consider the evidence, both pursuant to Civ. R. 53. Finally, regardless of Appellant's arguments, it appears from the docket the transcript of the May 5, 2005 hearing was filed on June 30, 2005.
 {¶ 30} Appellant's first Assignment of Error is overruled.
 II. {¶ 31} Appellant argues in his second Assignment of Error that the Magistrate did not permit Appellant adequate time to present his case in court, therefore violating his due process rights. A review of the procedural history of this case reveals that Appellant has been afforded ample opportunity to present his arguments to the trial court as evidenced by the numerous decisions issued by the Magistrate in this case. We can find no violation of Appellant's due process rights in the presentation of his case.
 {¶ 32} Appellant's second Assignment of Error is overruled. *Page 9 
 III. {¶ 33} Appellant argues in his third Assignment of Error that the Magistrate erred by not filing his final Magistrate's Decision on the contempt charge before the Judgment Entry was journalized, therefore denying Appellant his opportunity to file objections. On June 12, 2007, the Magistrate filed his decision that Appellant was in contempt of court for noncompliance with child support orders. A review of the record shows that Appellant filed objections to the June 12, 2007 Magistrate's Decision on June 14, 2007.
 {¶ 34} As Appellant did have the opportunity to file his objections to the finding of contempt, we find Appellant's third Assignment of Error to be not well taken.
 IV. — X. {¶ 35} Appellant's fourth, fifth, sixth, seventh, eighth, ninth and tenth Assignments of Error raise common and interrelated issues; accordingly, we will address the assignments together. In these Assignments of Error, it appears that Appellant maintains the Magistrate and trial court erred in their calculation of Appellant's income for determining the level of child support. The standard of review in child support determinations is abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 541 N.E.2d 1028. In order to find an abuse of discretion, we must determine whether the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. *Page 10 
 {¶ 36} R.C. 3119.22 states:
 {¶ 37} "The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child.
 {¶ 38} "If it deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination."
 {¶ 39} R.C. 3119.23 states:
 {¶ 40} "The court may consider any of the following factors in determining whether to grant a deviation pursuant to section 3119.22 of the Revised Code:
 {¶ 41} "(A) Special and unusual needs of the children;
 {¶ 42} "(B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;
 {¶ 43} "(C) Other court-ordered payments; *Page 11 
 {¶ 44} "(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;
 {¶ 45} "(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;
 {¶ 46} "(F) The financial resources and the earning ability of the child;
 {¶ 47} "(G) Disparity in income between parties or households;
 {¶ 48} "(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;
 {¶ 49} "(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;
 {¶ 50} "(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;
 {¶ 51} "(K) The relative financial resources, other assets and resources, and needs of each parent;
 {¶ 52} "(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;
 {¶ 53} "(M) The physical and emotional condition and needs of the child; *Page 12 
 {¶ 54} "(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;
 {¶ 55} "(O) The responsibility of each parent for the support of others;
 {¶ 56} "(P) Any other relevant factor.
 {¶ 57} "The court may accept an agreement of the parents that assigns a monetary value to any of the factors and criteria listed in this section that are applicable to their situation.
 {¶ 58} "If the court grants a deviation based on division (P) of this section, it shall specifically state in the order the facts that are the basis for the deviation."
 {¶ 59} In the present case, the trial court granted Appellant a deviation in its March 5, 2008 judgment entry. We find the trial court was in the best position to determine the income figures presented to it by Appellant and upon our review of the breadth of economic information presented to this Court in Appellant's brief and the record, we find the trial court did not abuse its discretion in its determinations.
 {¶ 60} Appellant's fourth, fifth, sixth, seventh, eighth, ninth and tenth Assignments of Error are overruled.
 XI., XII. {¶ 61} It appears to the Court that in Appellant's eleventh Assignment of Error, Appellant is arguing the trial court erred in its October 31, 2007 judgment entry. By Appellant's notice of appeal, Appellant is only appealing the March 5, 2008 judgment entry of the trial court in regards to Appellant's child support determination and contempt finding. As such, we find this argument as to the October 31, 2007 judgment *Page 13 
entry to not be properly before this Court. Appellant's eleventh Assignment of Error is overruled.
 {¶ 62} Similarly, in Appellant's twelfth Assignment of Error, it seems that Appellant is arguing the trial court erred in not reviewing a Magistrate's Decision issued on December 3, 2007. Appellant is referencing a judgment entry issued by the trial court on January 30, 2008, wherein the trial court found a December 3, 2007 supplemental Magistrate's Decision was duplicative of decisions issued on June 12, 2007, July 13, 2007 and September 4, 2007. As the January 30, 2008 judgment entry is not before this Court upon appeal, we cannot consider the matter. Appellant's twelfth Assignment of Error is overruled.
 XIII. {¶ 63} Appellant argues in his thirteenth Assignment of Error that the trial court erred in not dismissing the finding of contempt for Appellant's failure to comply with the child support order. An appellate court reviews a trial court's decision in a contempt proceeding using the abuse-of-discretion standard, and absent an abuse of discretion, we must affirm. State ex rel. Delco Moraine Div., Gen. Motors Corp. v.Indus. Comm. (1990), 48 Ohio St.3d 43, 549 N.E.2d 162. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable, Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 64} Appellant reiterates his arguments in this Assignment of Error regarding the calculation of his income to determine the amount of child support as found above. Based upon our disposition of Appellant's Assignments of Error on that issue, we find the trial court did not abuse its discretion in finding Appellant in contempt. *Page 14 
 {¶ 65} Appellant's thirteenth Assignment of Error is overruled.
 XIV., XV., XVI. {¶ 66} Appellant's remaining Assignments of Error relate to decisions the trial court made in regards to case management. On January 18, 2008, the trial court filed a sua sponte judgment entry stating that it had become aware that Appellant had intentionally obtained the social security number of the Magistrate presiding over the instant case through a public records search. The trial court ordered Appellant to not publish or disburse the social security number for any purpose upon the risk of contempt of court. On February 12, 2008, the trial court issued a judgment entry wherein it sanctioned Appellant for filing duplicative and unnecessary pleadings by requiring Appellant to pay all outstanding court costs before Appellant could be permitted to file any other document or pleading.
 {¶ 67} As a general rule, a trial court has the inherent authority to manage its own proceedings and control its own docket. Love Properties,Inc. v. Kyles, Stark App. No. 2006CA00101, 2007-Ohio-1966, ¶ 37. Further, "[t]rial courts are on the front lines of administration of justice in our judicial system, dealing with the realities and practicalities of managing a caseload and responding to the rights and interest of the prosecution, the accused, and the victims. A court has the `inherent power to regulate the practice before it and protect the integrity of the proceedings.'" State v. Craig, 8th Dist. No. 88313, 2008-Ohio-3978, ¶ 11 citing State v. Busch,76 Ohio St.3d 613, 615,1996-Ohio-8.
 {¶ 68} Appellant argues these judgment entries were made in error, but, as we have previously found, these judgment entries are not before this Court. Appellant only *Page 15 
appealed the March 5, 2008 judgment entry. Appellant is cautioned, however, that pro se litigants are not exempt from complying with the rules and regulations. "Pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." Meyers v. First Ntl. Bank of Cincinnati (1981), 3 Ohio App.3d 209, 210.
 {¶ 69} Appellant's fourteenth, fifteenth and sixteenth Assignments of Error are overruled.
 {¶ 70} Accordingly, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed.
Delaney, J., and Farmer, P.J., concur.
 Edwards, J., concurs separately. *Page 16