[Cite as *State v. Greenlee*, 2011-Ohio-3692.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96002

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## ROBERT GREENLEE

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-537180

**BEFORE:**     Sweeney, P.J., Cooney, J., and S. Gallagher, J.

RELEASED AND JOURNALIZED:    July 28, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Matthew Waters, Esq.
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Jeffrey P. Hastings, Esq.
50 Public Square, Suite 3300
Cleveland, Ohio 44113-2289

JAMES J. SWEENEY, P.J.:

{¶ 1} The state of Ohio appeals the trial court's order dismissing the indictment against defendant-appellee, Robert Greenlee ("defendant") pursuant to Crim.R. 12(C)(1) and (2). For the reasons that follow, we affirm.

**{¶ 2}** Defendant was charged with one count of failure to register in violation of R.C. 2950.06(F) and failure to provide notice of change of address in violation of R.C. 2950.05(E)(1), which are felonies of the fourth degree.

**{¶ 3}** The felony charges were predicated on defendant's juvenile delinquency adjudication in Iowa for the crime of assault pursuant to I.C.A. §708.1(1) and 708.2(4). The state maintains that the Iowa adjudication was the substantial equivalent of a gross sexual imposition conviction under Ohio law and thus a sexually oriented offense. Defendant maintains it was not.

**{¶ 4}** The trial court determined that defendant's adjudication for assault in Iowa was not substantially equivalent to a "sexually oriented offense" as defined under Ohio law. The state's appeal presents two assignments of error that both challenge the court's decision to dismiss the indictment and are addressed together.

**{¶ 5}** "I: The trial court erred in granting defendant-appellee's motion to dismiss because summary judgment is not permitted in criminal cases.

**{¶ 6}** "II: The trial court erred in granting defendant-appellee's motion to dismiss because the underlying crime is a sexually oriented offense subject to reporting requirements."

**{¶ 7}** "A pretrial motion must not involve a determination of the sufficiency of the evidence to support the indictment. If the indictment is

valid on its face, a motion to dismiss should not be granted." *State v. Preztak*, 181 Ohio App.3d 106, 2009-Ohio-62, 907 N.E.2d 1254, ¶ 12, citing *State v. Eppinger*, 162 Ohio App.3d 795, 2005-Ohio-4155, 835 N.E.2d 746. This court recently noted "that a court may consider material outside the face of the indictment if the 'motion did not embrace what would be the general issue at trial.'" *State v. Ortega-Martinez*, Cuyahoga App. No. 95656, 2011-Ohio-2540, ¶15, quoting, *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶18; Crim.R. 12(C). "The court may consider briefs, affidavits, testimony, and other exhibits in deciding the motion. However, a court may not determine a pretrial motion to dismiss if it requires the trial court to also determine the general issue for trial."

{¶ 8} In *Ortega-Martinez*, this Court determined that the trial court properly dismissed an indictment for failure to register that was predicated upon an unconstitutional reclassification of him under the Adam Walsh Act and, therefore, "did not require a determination of the factual issue for trial." Id. at ¶16. Likewise, the trial court in this case was not determining the factual issue for trial, that is whether or not defendant failed to verify his address or failed to provide notice of his change of address. Similar to *Ortega-Martinez*, the trial court was determining whether the indictment was

valid on its face, i.e., whether the underlying offense actually constituted a sexually oriented offense as required to state an indictable offense.

{¶ 9} This court has held that an unlawful reclassification under Ohio's AWA cannot serve as the predicate for the crime of failure to verify. *State v. Smith*, Cuyahoga App. No. 92550, 2010-Ohio-2880, ¶29; *State v. Page*, Cuyahoga App. No. 94369, 2011-Ohio-83.

{¶ 10} Even if defendant's adjudication in Iowa is substantially equivalent to some sexually oriented offense as defined by Ohio law, the dismissal of the indictment was proper because it was predicated on an unlawful reclassification under the AWA. Defendant contends the dismissal of the indictment was also proper pursuant to *State v. Smith*, Cuyahoga App. No. 92550, 2010-Ohio-2880. To the extent that defendant was reclassified under the provisions of Ohio's Adam Walsh Act as prohibited by *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the reclassification cannot serve as a predicate for the indictment. Id. at ¶29. This court has held that it is improper to reclassify a person under Ohio's Adam Walsh Act notwithstanding that the sexually oriented conviction occurred out of state. See *Majewski v. State*, Cuyahoga App. Nos. 92372 and 92400, 2010-Ohio-3178, appeal not allowed, 127 Ohio St.3d 1462, 2010-Ohio-6008, 938 N.E.2d 364 (Table).

**{¶ 11}** The assignments of error are overruled.

    a. Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

JAMES J. SWEENEY, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
SEAN C. GALLAGHER, J., CONCUR