[Cite as *State v. Hollobaugh*, 2012-Ohio-2620.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 11-AP-0006 |
| ERIC HOLLOBAUGH | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Morgan County
                             Court of Common Pleas, Case No. 10-CR-
                             0007

JUDGMENT:                    Vacated and Remanded


DATE OF JUDGMENT ENTRY:      June 11, 2012


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

MARK HOWDYSHELL                 DEBORAH LAMNECK
Prosecuting Attorney            Gottlieb, Johnston, Beam & Dal Ponte
19 East Main Street             2640 Glenn Circle
McConnelsville, OH 43756        Zanesville, OH  43701-9408

*Gwin, P.J.*

{¶1} Defendant Eric Hollobaugh appeals a judgment of the Court of Common Pleas of Morgan County, Ohio, which accepted his plea of guilty to three counts of trafficking in drugs in the vicinity of a juvenile in violation of RC.2925.03. Appellant assigns a single error to the trial court:

{¶2} I. THE TRIAL COURT ERRED WHEN IT ACCEPTED THE APPELLANT'S GUILTY PLEA WHICH WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE."

{¶3} At the change of plea hearing, the court engaged in a Crim. R. 11 colloquy before accepting appellant's guilty plea. The court reviewed appellant's constitutional rights and ascertained appellant had no mental or physical impairments and was not under the influence of any alcohol or drug. The court explained the charges against appellant, advising him that "***you could be sentenced to prison for a definite term of either two, three, four, five, six, seven, or eight years on each count and fined up to $15,000.00 on each count***". The court also advised appellant it could order that he serve his prison sentences consecutively.

{¶4} Appellant signed a written waiver of rights, which stated, among other things, that he understood the court could impose more than a minimum prison term, it could impose a maximum term, and it could run the sentences consecutively. The waiver also stated the court "may" impose a prison term rather than community control. The court deferred sentencing until a pre-sentence investigation was completed.

**{¶5}** The offenses to which appellant pled guilty carry a mandatory prison term and appellant was not eligible for probation or early release. The court informed appellant of this at the sentencing hearing.

**{¶6}** Crim. R. 11 (C) states in pertinent part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

A defendant's plea in a criminal case must be made knowingly, intelligently, and voluntarily, and if it is not, enforcement of the plea is unconstitutional under both the United States Constitution and the Ohio Constitution. *State v. Engle,* 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450.

The court is required to discuss both constitutional and non-constitutional rights before accepting a guilty plea. A court's discussion of constitutional rights must be in strict compliance with the Rule. See*, e.g., State v. Veney,* 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E. 2d 621, syllabus; *State v. Ballard,* 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus. However, a court must only substantially comply with the Rule in

ensuring the defendant understands his or her non-constitutional rights. *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, ¶ 12, citing *State v. Nero,* 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). Substantial compliance has been defined to mean under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving. *Nero* at 108.

{¶7} Appellant argues the court did not substantially comply with Crim. R. 11 because at the time it accepted his plea, it had misled him into believing he could be eligible for probation or parole when in fact he faced a mandatory sentence.

{¶8} In *State v. Stewart,* 51 Ohio St. 2d 86, 364 N.E. 2d 1163 (1977), the Supreme Court reviewed a case wherein the defendant was charged with two counts of aggravated murder with specifications, kidnapping, and aggravated robbery. The defendant pled to the lesser included offense of murder and the other charges were dismissed. The defendant was not informed he was not eligible for probation, but the Supreme Court found the defendant subjectively knew he would not be eligible for probation, and further, he had not demonstrated prejudice.

{¶9} In *Nero, supra* the Supreme Court of Ohio found substantial compliance with Crim.R. 11(C)(2)(a) when the record clearly showed defendant knew that he was going to be incarcerated and even asked for time to straighten out his affairs.

{¶10} In *State v. Abuhashish,* 6th Dist. No. WD–07–048, 2008–Ohio–3849, the court found substantial compliance because the prosecution mentioned the mandatory sentence at the plea hearing when it asked the court to revoke the defendant's bond, and because the written guilty plea correctly stated the offense carried a mandatory

sentence. *Id.* ¶35. But see, *State v. Wilson*, 55 Ohio App. 2d 64, 379 N.E.2d 273, (1st Dist. 1978) wherein the court of appeals found the Rule requires an oral dialogue between the court and the defendant, and a written plea is simply not an adequate substitute.

**{¶11}** In *State v. Fink*, 11th Dist. No. 2006-A-0035, 2007-Ohio-5220, the Court of Appeals for Ashtabula County found substantial compliance although the court mistakenly advised the defendant he was technically eligible for probation. The court found the defendant was subjectively aware he would not be sentenced to probation when the court informed him a waiver of the pre-sentence investigation report precluded probation. The defendant had been charged with sixty counts of rape, each with the specification of a victim less than ten years of age, thirty-seven counts of pandering obscenity involving a minor, fourth degree felonies, thirty-seven counts of pandering obscenity involving a minor, second degree felonies, and twenty-two counts of pandering sexually oriented matters involving a minor. We find as in *Stewart, supra,* the severity of the charges alone might convince a defendant he was not going to avoid prison.

**{¶12}** Here the offenses charged were not as serious as in *Stewart*, and unlike *Abuhashish,* the guilty plea appellant signed does not state the offenses carry a mandatory sentence.

**{¶13}** In *State v. Howard,* 2nd Dist. No. 06–CA–29, 2008–Ohio–419, the Second District found the defendant could not have understood the effect of his plea when the trial court misadvised him he would be eligible for community control. The court reasoned the Supreme Court deemed ineligibility for community control sanctions to be

a sufficiently important factor in choosing to plead guilty or no contest that it was incorporated  in Crim. R. 11(C)(2)(a) as a subject that must be specifically addressed. *Id.* ¶ 25.

**{¶14}** The Twelfth District reached a similar result in *State v. Phillips,* 12th Dist. No. CA2008–05–126, 2009–Ohio–1448, finding where the trial court affirmatively misinformed the defendant about his eligibility for community control, it had completely failed to comply with the Rule. *Id.* ¶19. Likewise, in *State v. Farley,* 1st Dist. No. C0100478, 2002–Ohio–1142, the appeals court found a trial court has not substantially complied with the Rule if it misinforms a defendant about his or her eligibility for community control. The court found the prospect of probation or community control is a factor weighing heavily in favor of the decision to enter guilty or a no contest plea.

**{¶15}** The *Farley* court opined it could not assume the defendant would have entered his guilty plea if he had been properly advised. *Howard* did not discuss whether the record showed actual prejudice, implying the prejudice is implicit. In *Phillips,* the court found it did not need to address the issue of prejudice because failure to properly advise the defendant of his ineligibility for probation constituted a complete failure to comply with the requirements of the Rule.

**{¶16}** We find the trial court erred and misled appellant prior to accepting his guilty plea.  We find further there is no indication appellant subjectively knew he faced a mandatory sentence.  We conclude the court did not substantially comply with the requirements of Crim. R. 11, and should not have accepted the plea of guilty.

**{¶17}** The assignment of error is sustained.

**{¶18}** For the foregoing reasons, the judgment of the Court of Common Pleas of Morgan County, Ohio, is vacated, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


WSG:clw 0522

[Cite as *State v. Hollobaugh*, 2012-Ohio-2620.]

IN THE COURT OF APPEALS FOR MORGAN COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ERIC HOLLOBAUGH | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-AP-0006 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is vacated, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE