[Cite as *State v. Greenlee*, 2014-Ohio-1437.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 100334

---

# STATE OF OHIO

### PLAINTIFF-APPELLANT

## vs.

# ROBERT GREENLEE

### DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-537180

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 3, 2014

[Cite as *State v. Greenlee*, **2014-Ohio-1437.**]

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Daniel T. Van
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

By:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1} The state of Ohio appeals from a judgment of the Cuyahoga County Common Pleas Court that dismissed an indictment against Robert Greenlee for two registration-related offenses. After a careful review of the record and applicable law, we conclude Greenlee had no duty to register as a sex offender in Ohio and affirm the trial court's judgment.

## Procedural History

{¶2} Fourteen years ago, in 2000, 15-year-old Greenlee was charged in Iowa for assault, a simple misdemeanor, in violation of Iowa Code Section 708.1(1). The delinquency petition alleged that he committed an

> act which was intended to be insulting or offensive, or put another in fear of immediate physical contact which would be insulting or offensive, coupled with the apparent ability to do the act, to wit: by touching, grabbing, or fondling the buttocks or inner thigh or genital area of a 9 year old child without the child's consent, and for the purpose of satisfying the juvenile's own sexual desires.

{¶3} Greenlee admitted the allegation of assault, but did not admit to a sexual purpose of his conduct. The Iowa juvenile court adjudicated Greenlee delinquent of assault, and he was placed in an "Academy Pathfinder Program." The court's dispositional order did not include any registration or reporting requirement. There is no evidence on the record that he was required to register in Iowa.

{¶4} Two years later, in 2002, Greenlee moved to Ohio. He was not informed he had a duty to register in Ohio. In 2006, Greenlee was convicted of robbery and sentenced to

two years in prison. When he was released from prison in 2008, he was, for the first time, advised by an administrative official that he had to register as a sex offender in Ohio because of his 2000 assault adjudication in Iowa. There was no other notice provided to Greenlee that he would be required to register in Ohio.

{¶5} The instant case began when, in June 2010, Greenlee was charged with (1) failure to verify address, in violation of R.C. 2950.06(F), and (2) failure to provide notice of change of address, in violation of R.C. 2950.05(E)(1). Both offenses are felonies of the fourth degree and predicated on his assault adjudication in Iowa. The trial court dismissed the indictment, on the ground that he had no obligation to register as a sex offender in Ohio.

{¶6} The state appealed the trial court's decision to this court, maintaining that the assault offense in Iowa was substantially equivalent to gross sexual imposition conviction in Ohio, which is a sexual offense subject to registration requirements. On appeal, this court did not reach that issue. Instead, we affirmed the dismissal on a different ground, which related to the change of sex-offender-registration law in Ohio at the time. Although the change of the law does not pertain to the merits of this case, it led to a delay of the resolution of this appeal for three years. For sake of completeness, we summarize the procedural delay caused by the change of law before we analyze the merits of this appeal.

{¶7} In 2008, six years after Greenlee moved to Ohio, Ohio's Adam Walsh Act ("AWA") went into effect, replacing the existing Megan's Law and altering the classification,

registration, and notification scheme for convicted sex offenders in Ohio.[1]   The issue then arose as to whether the AWA may be applied retroactively to offenders previously convicted under Megan's Law.   Two years after the AWA went into effect, in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the court answered this question in the negative. The court declared the reclassification provisions of the AWA unconstitutional and held that the classifications and community-notification and registration orders imposed previously by trial courts pursuant to Megan's Law should be reinstated.   *Id.* at ¶ 66.

{¶8}   Therefore, in 2011, when this court first entertained the state's appeal in this case, we applied *Bodyke* and concluded that, to the extent that Greenlee  was reclassified under the provisions of AWA as prohibited by *Bodyke*, the reclassification cannot serve as a predicate for the indictment.   On that ground, we affirmed the trial court's dismissal of the indictment against Greenlee.    *State v. Greenlee,* 8th Dist. Cuyahoga No. 96002, 2011-Ohio-3692, ¶ 10.

{¶9}   The state appealed our decision to the Supreme Court of Ohio.   The court accepted review but held the case, along with more than a dozen cases from several

---

[1]Under the new classification scheme, the Ohio Attorney General is authorized to determine the classification of each offender under a three-tiered system.   Designations such as "sexual predator" under Megan's Law no longer exist, nor do the hearings required under the former statute. Rather, sex offenders are classified by the Attorney General solely on the basis of the offense for which they have been convicted.

jurisdictions, for its review of *State v. Brunning*, 8th Dist. Cuyahoga No. 95376, 2011-Ohio-1936, another case from this court involving registration of sex offenders. The issue there was whether *Bodyke* requires the vacation of a registration-related conviction of a sex offender who was originally classified under Megan's Law but was indicted for violating the AWA.

{¶10} In December 2012, the Supreme Court of Ohio issued *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316, holding that a registration-related prosecution is not automatically invalid because it was based on an improper retroactive application of the AWA. Rather, a defendant had a continuing duty to comply with Megan's Law requirement where the requirement was the same under both Megan's Law and the AWA.

{¶11} With the issuance of the *Brunning* decision, the Supreme Court of Ohio reversed our decision in *Greenlee* — which we decided based on the unlawfulness of the reclassification of the defendant under the AWA — and remanded the case to the trial court for further proceedings consistent with *Brunning*. *In re Cases Held for the Decision in State v. Brunning*, 134 Ohio St.3d 593, 2012-Ohio-5777, 984 N.E.2d 12.

{¶12} Pursuant to *Brunning*, therefore, Greenlee's indictment for violations of certain registration requirements would not be automatically invalid on the ground that the indictment was based on an unlawful reclassification of him under the AWA, as this court had held. Greenlee could still be convicted if he was subject to those registration requirements under

Megan's law. *However*, because Greenlee's conviction was in Iowa, *Brunning* does not dispose of the case, because a question remains of whether he had a duty to register in Ohio at all. For a defendant convicted out of state such as Greenlee, we turn to another recent decision from the Supreme Court of Ohio, *State v. Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, a case decided while the instant case was pending. *Lloyd* provided a two-part analysis to be undertaken by a trial court in determining whether an out-of-state conviction is a sexually oriented offense that triggers a duty to register in Ohio.

{¶13} Upon remand of the instant case from the Supreme Court of Ohio, the trial court applied the *Lloyd* test and determined that neither of *Lloyd*'s factors were met. The court found the elements of Greenlee's assault offense defined in Iowa Code 708.1 "clearly" not substantially equivalent to a sex offense subject to registration requirements in Ohio. It also found that Greenlee had no duty to register in Iowa and, therefore, he had no duty to register in Ohio.

{¶14} The state appealed again from the trial court's decision. Its sole assignment of error states: "The trial court erred in dismissing the indictment because defendant had a duty to register in the State of Ohio."

{¶15} Crim.R. 48(B) governs a trial court's dismissal of an indictment, and we review it for an abuse of discretion. *State v. Craig*, 8th Dist. Cuyahoga No. 88313, 2008-Ohio-3978.

### The *Lloyd* Analysis: Substantial-Equivalence Test

{¶16} In the two-part analysis provided in *Lloyd* for a determination of whether a defendant convicted out of state has duty to register in Ohio, the state must prove that (1) the defendant was convicted of a sexually oriented offense that is "substantially equivalent" to a sex offense subject to registration requirements in Ohio, and (2) the defendant was under a duty to register in the other jurisdiction at the time he moved to Ohio. *Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, at ¶ 13 and 46; *State v. McMullen*, 8th Dist. Cuyahoga Nos. 97475 and 97476, 2012-Ohio-2620, ¶ 19.

{¶17} "An out-of-state conviction is a sexually oriented offense under Ohio law if it is or was substantially equivalent to any of the Ohio offenses listed in R.C. 2950.01(A)(1) through (10). R.C. 2950.01(A)(11)." *Lloyd* at ¶ 13. *Lloyd* provided very specific guidelines as to how "substantial equivalence" should be analyzed:

> [I]n order to determine whether an out-of-state conviction is substantially equivalent to a listed Ohio offense, a court *must initially look only to* the fact of conviction and the elements of the relevant criminal statutes, without considering the particular facts disclosed by the record of conviction. If the out-of-state statute defines the offense in such a way that the court cannot discern from a comparison of the statutes whether the offenses are substantially equivalent, a court may go beyond the statutes and rely on a limited portion of the record in a narrow class of cases where the factfinder was required to find all the elements essential to a conviction under the listed Ohio statute. To do so, courts are permitted to consult a limited range of material contained in the record, including charging documents, plea agreements, transcripts of plea colloquies, presentence reports, findings of fact and conclusions of law from a bench trial, jury instructions and verdict forms, or some comparable part of the record.

(Emphasis added.) *Id.* at ¶ 31.

{¶18} On appeal, the state argues Greenlee's misdemeanor assault offense is substantially equivalent to the Ohio felony sex offense of gross sexual imposition. Under the guidelines provided by the Supreme Court of Ohio, a court "must initially look only to the fact of conviction and the elements of the relevant criminal statutes, without considering the particular facts disclosed by the record of conviction." *Lloyd* at ¶ 31. Only when "the out-of-state statute defines the offense in such a way that the court cannot discern from a comparison of the statutes" is a court permitted to "go beyond the statutes on a limited portion of the record in a narrow class of cases where the factfinder was required to find all the elements essential to a conviction under the listed Ohio statute." *Id.*

{¶19} Iowa Code Section 708.1 defines assault, and it states, in pertinent part:

> * * * A person commits an assault when, without justification, the person does any of the following:
>
> 1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
>
> 2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

{¶20} Gross sexual imposition is defined in R.C. 2907.05, which states, in pertinent part: "No person shall have sexual contact with another, not the spouse of the offender * * *

when [t]he other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person."

{¶21} From a comparison of the elements of these two statutes, it is easily discernable that these two statutes do not align at all, and indeed, the trial court had no problem concluding that the two statutes are not substantially equivalent. The Iowa assault statute prohibits any act "intended" to cause pain or injury or to result in insulting or offensive physical contact offensive to another, or "intended" to place another in fear of immediate painful or offensive physical contact. The statue does not even require the proof of actual physical contact, let alone any contact of a sexual nature.

{¶22} On appeal, the state concedes the two statutes are not substantially equivalent based on the statutory language, but argues that, when the two statutes are not substantially equivalent, the trial court is *required* to look at other portions of the record. The state claims the trial court should consider the "to wit" language in the delinquency petition, which stated that Greenlee committed the offensive conduct by "touching, grabbing, or fondling the buttocks or inner thigh or genital area of a 9 year old without the child's consent, and for the purpose of satisfying the juvenile's own sexual desires."

{¶23} However, the Supreme Court of Ohio could not have made it clearer: "in order to determine whether an out-of-state conviction is substantially equivalent to a listed Ohio offense, a court must initially look only to the fact of conviction and the elements of the relevant

criminal statutes, without considering the particular facts disclosed by the record of conviction." *Lloyd,* 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, at ¶ 31. The trial court is only permitted to look beyond the statutes and look to other portions of the record when two conditions are met: (1) the trial court could not discern whether the two statutes are substantially equivalent, and (2) the out-of-state statute requires the factfinder "to find all the elements essential to a conviction under the listed Ohio statute." Here, we do not need to consider whether the second condition is satisfied, because the trial court readily discerned, and so do we, that assault in Iowa is not substantially equivalent to gross sexual imposition in Ohio. The trial court properly ended the analysis as required by *Lloyd*.

{¶24} Finally, because both prongs of the *Lloyd* analysis must be satisfied, the first prong disposes of this appeal and we do not reach the second prong — whether Greenlee had a duty to register in Iowa when he moved to Ohio.

{¶25} The state's assignment of error lacks merit, and the judgment of the trial court is affirmed.

{¶26} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

[Cite as *State v. Greenlee*, 2014-Ohio-1437.]